UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SUSAN FIGUERIDO,<br><br>Defendant | Criminal No.   24cr10255<br><br>Violations:<br><br>Count One: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Two: Filing a False Tax Return<br>(26 U.S.C. § 7206(1))<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, SUSAN FIGUERIDO, lived in East Falmouth, Massachusetts.

2. Company A was a flooring company based in Falmouth, Massachusetts.

3. Company A maintained a main operating account ending in 1020 ("the 1020 Account") and an accounts payable account ending in 1063 ("the 1063 Account") at Citizens Bank.

4. FIGUERIDO worked as a bookkeeper for Company A. In that role, FIGUERIDO was responsible for paying Company A's bills and making deposits at the bank. FIGUERIDO was an authorized signer on the 1020 and 1063 Accounts. FIGUERIDO also retrieved Company A's mail, including bank statements that Citizens Bank mailed to Company A.

5. FIGUERIDO maintained personal checking accounts at TD Bank ending in 1225 ("the 1225 Account"), 4409 ("the 4409 Account"), and 4437 ("the 4437 Account) and a personal

checking account at Cape Cod Five Cents Savings Bank ending in 8331 ("the 8331 Account" and, collectively with the 1225, 4409, and 4437 Accounts, the "Figuerido Accounts").

6. Citizens Bank maintained servers in Rhode Island through which all transactions were processed.

## The Federal Tax Requirements

7. The Internal Revenue Service ("IRS") was an agency of the United States within the Department of the Treasury and was responsible for enforcing and administering the tax laws of the United States.

8. Individual taxpayers generally were required to accurately report each year to the IRS their income and attendant tax obligations on a Form 1040, U.S. Individual Income Tax Return. The IRS used Form 1040 to assess taxpayers' tax liability.

## Scheme to Defraud Company A

9. Beginning no later than in or about June 2015 and continuing through in or about February 2023, FIGUERIDO stole more than $1.3 million from Company A by writing more than 1,200 checks to herself from the 1063 Account without authorization. FIGUERIDO deposited the checks into the Figuerido Accounts.

10. As part of the scheme, FIGUERIDO electronically transferred funds from Company A's 1020 Account to the 1063 Account to ensure there were sufficient funds in the 1063 Account to cover the checks FIGUERIDO wrote to herself.

11. FIGUERIDO used the funds in the Figuerido Accounts for personal purchases, including at grocery stores, restaurants, gas stations, clothing stores, Amazon, and QVC. She also withdrew significant sums in cash and transferred funds to a family member.

2

12.     To conceal her scheme, FIGUERIDO did not list the checks she wrote to herself from the 1063 Account in Company A's accounting system. FIGUERIDO also falsely claimed she cashed the checks she wrote to herself to pay Company A vendors that only accepted cash payments.

### The False Tax Returns

13.     For each of the tax years between 2015 and 2022, FIGUERIDO verified and caused IRS Forms 1040 to be filed in her name and on her behalf. The IRS Forms 1040 for each of those tax years contained declarations, under penalty of perjury, that the information submitted to the IRS was true, correct and complete.

14.     For at least each of the tax years 2015 through 2022, FIGUERIDO intentionally failed to report on her tax returns funds that she fraudulently obtained from Company A by writing checks to herself without authorization.

15.     As a result of her tax fraud scheme, FIGUERIDO failed to report or pay taxes on more than $1.3 million in income.

## COUNT ONE
## Wire Fraud
## (18 U.S.C. § 1343)

The U.S. Attorney charges:

16. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1-12 of this Information.

17. Beginning no later than in or about June 2015 through in or about February 2023, in the District of Massachusetts and elsewhere, the defendant,

## SUSAN FIGUERIDO,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | February 4, 2022 | Electronic transfer of $3,500 from 1020 Account to 1063 Account |

All in violation of Title 18, United State Code, Section 1343.

4

COUNT TWO
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The U.S. Attorney charges:

18. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1-15 of this Information.

19. On or about April 9, 2022, in the District of Massachusetts and elsewhere, the defendant,

SUSAN FIGUERIDO,

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040-SR, for the tax year 2021, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return reported an adjusted gross income of $32,068, when the defendant then and there knew that the adjusted gross income she actually received for tax year 2021 substantially exceeded the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The U.S. Attorney further alleges:

20. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

SUSAN FIGUERIDO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. $1,361,148.01, to be entered in the form of a forfeiture money judgment.

21. If any of the property described in Paragraph 20, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 20 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY

By: *Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant United States Attorney